UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LEROY ARRINGTON,           )
                           )
            Petitioner,    )
                           )   CAUSE NO. 3:17-CV-296-RLM-MGG
      vs.                  )
                           )
SUPERINTENDENT,            )
                           )
            Respondent.    )

## OPINION AND ORDER

Leroy Arrington, a prisoner without a lawyer, filed a petition under 28 U.S.C. § 2254 challenging his prison disciplinary hearing in MCF 16-04-560 where a Disciplinary Hearing Officer found him guilty of assault/battery in violation of Indiana Department of Correction policy B-212. He was sanctioned with the loss of 30 days earned credit time.

In Grounds One and Two, Mr. Arrington argues that he is entitled to habeas corpus relief because the hearing officer didn't have sufficient evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-456 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's

decision to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d F.3d 787, 786 (7th Cir. 1999).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

The Conduct Report charged Mr. Arrington as follows:

> On 04-26-2016 at approximately 1500 I Officer J. Rhodes observed offenders Gorman, Anthony Doc#220293 (KHU Cell -450) and Arrington, Leroy Doc#218916 (KHU Cell-444) having an argument in front of KHU Cell 445/446. While continuing my observation I seen (sic) offender Gorman, Anthony run towards KHU Cell-450 with offender Arrington, Leroy chasing after him. The argument continued in front of KHU Cell-449/450. After a few seconds passed offender Gorman, Anthony and offender Arrington, Leroy stepped into KHU Cell- 449/450. Offender Bass, Jamar Doc# 137526 was already in the cell before offender Arrington and offender Gorman entered. All three offenders began arguing. I then observed punches being thrown between offender Arrington, Leroy and offender Gorman, Anthony. I radioed a 10-10 for the KHU 3/4 side. Offender Arrington, Leroy then exited the cell and ran to the door of his cell, KHU Cell-444.

Mr. Arrington was subsequently charged and found guilty of violating Department of Correction B-212. This offense is defined as "[c]ommitting a battery/assault upon another person without a weapon or inflicting bodily injury." Adult Disciplinary Process, Appendix I.

http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

The hearing officer had sufficient evidence to find Mr. Arrington guilty. A conduct report alone can be sufficient evidence to support a finding of guilt. McPherson v. McBride, 188 F.3d at 786. The conduct report in this case contained the reporting officer's first-hand observations. The reporting officer saw Mr. Arrington argue with another prisoner, chase the prisoner into his cell, and exchange punches with that prisoner. These observations sufficiently support the hearing officer's finding of guilt.

Mr. Arrington argues that the hearing officer shouldn't have found the conduct report credible in light of the witness statements he presented from the two other prisoners involved in the altercation. He also argues that the reporting officer couldn't have had a clear view into the cell from where she stood, and couldn't have seen what she claimed to have seen. It was the exclusive province of the hearing officer to weigh the respective credibility of the witnesses and this court can't reconsider or re-weigh that evidence. See Webb v. Anderson, 224 F.3d at 653. In light of the evidence contained in the conduct report, it was neither unreasonable nor arbitrary for the hearing officer to reject Mr. Arrington's version of events.

Mr. Arrington also contends that he shouldn't have been found guilty of violating B-212 because there was no evidence that the other offender sustained a physical injury. The respondent doesn't dispute this point and the incident report confirms that there were no physical injuries. But B-212 is explicitly defined as an assault/battery that *does not* result in physical injury. The hearing officer had sufficient evidence to find Mr. Arrington guilty. Thus, grounds one and two don't serve as a basis for granting habeas corpus relief.

In Ground Three,[1] Mr. Arrington argues that he is entitled to habeas corpus relief because he was denied an impartial decision-maker. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003). Due process would, for example, prohibit a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. Id. In contrast, due process isn't violated simply because the hearing officer knew the inmate or presided over one of the prisoner's other disciplinary cases. Id.

Mr. Arrington hasn't met the high standard necessary to establish bias. He argues that the hearing officer showed bias when she told him during the hearing, "it is my job to find you guilty, and your job to appeal it." This statement, alone,

---

[1] Mr. Arrington appears to have inadvertently mislabeled this claim "Ground Two," though it is his third claim.

isn't sufficient to establish that the hearing officer was inappropriately predisposed to find Mr. Arrington guilty. Rather, in the absence of any other evidence of bias, the hearing officer's comment was merely a statement that it was her job to find him guilty because he was guilty, and an explanation of Mr. Arrington's future options. Because there is insufficient evidence to establish bias, Ground Three doesn't identify a basis for habeas corpus relief.

If Mr. Arrington wants to appeal this decision, he doesn't need a certificate of appealability because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the habeas corpus petition (ECF 1) is DENIED. The clerk is DIRECTED to enter judgment and close this case. Leroy Arrington is DENIED leave to proceed in forma pauperis on appeal.

SO ORDERED.

ENTERED: October 23 , 2017

/s/ Robert L. Miller, Jr.
Judge
United States District Court